UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLOTTE COLLIER, individually
and as personal representative of the
Estate of RICHARD W. COLLIER,

        Plaintiff,

vs.

WCI COMMUNITIES, INC., a Delaware
corporation, and CHICAGO TITLE
INSURANCE COMPANY, a Missouri
corporation

        Defendants.

Case No. 3:07-CV-985-J-33MCR

## COMPLAINT

Plaintiff, Charlotte Collier, individually and as personal representative of the Estate of Richard W. Collier, sues Defendants, WCI Communities, Inc. ("Developer") and Chicago Title Insurance Company ("Chicago Title"), and states:

1.    This is an action for damages and declaratory relief. The amount in controversy exceeds $75,000, excluding interest, costs and attorney's fees.

2.    Plaintiff is a resident of Collin County, Texas.

3.    Developer is a Delaware corporation. Developer maintains its principal place of business in Bonita Springs, Lee County, Florida.

4.    Chicago Title is a corporation organized and existing under the laws of the State of Missouri. Chicago Title is named as a defendant solely in its capacity as escrow agent

holding a binder deposit pursuant to the Agreement at issue herein, such that naming it in this action will make any order of this Court binding upon Chicago Title's disposition of the escrowed funds.

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as the litigation is between citizens of different states and the amount in controversy exceeds $75,000.

6. Venue is appropriate in this Court because the cause of action accrued in Flagler County, Florida, and because the agreement at issue stipulates to venue in Flagler County, Florida, with this District and Division, and because defendant Developer resides within this District.

7. On or about May 24, 2005, Richard and Charlotte Collier (the "Colliers") and Developer entered into that certain Residence Purchase Contract (the "Agreement") pursuant to which Developer agreed to construct and sell and the Colliers agreed to purchase Tuscany at Hammock Dunes Condominium Unit 804. A copy of the Agreement is attached as exhibit A.

8. Pursuant to the Agreement, Plaintiff tendered cash deposits totaling of $270,000 (the "Deposit").

9. The Deposit was initially held by Chicago Title as escrow agent pursuant to an agreement between Chicago Title and the Developer.

10. On information and belief, Chicago Title continues to hold the Deposit as escrow agent.

11. Pursuant to the Agreement, and pursuant to Florida law, the Colliers were entitled to cancel the Agreement and to receive a full refund of their deposit by notice delivered

within 15 days of receipt of any amendment that materially and adversely alter the condominium offering.

12. On or about December 8, 2006, Plaintiff received amended condominium materials materially and adversely altering their prospective unit. Specifically, the square footage of the unit was reduced by over 200 feet.

13. On or about December 12, 2006, Plaintiff delivered notice to Developer terminating the agreement.

14. Neither Developer nor Chicago Title has returned the Deposit to Plaintiff despite demand.

15. Plaintiff has retained undersigned counsel to represent her in this action, and is obligated to pay a reasonable fee for services rendered.

16. All conditions precedent to the maintenance of this action have occurred or have been performed.

## COUNT ONE
### (Breach of Contract against Developer)

17. This is an action against the Developer for breach of contract.

18. Plaintiff restates and incorporates herein the allegations of paragraphs 1 through 16.

19. As set forth above, Plaintiff was entitled to, and did, terminate the Agreement.

20. Developer breached the Agreement by failing to return Plaintiff's deposit, plus interest or by opposing such release by the escrow agent, by reason of which Plaintiff has suffered damage.

WHEREFORE, Plaintiff requests judgment against the Developer for damages, costs, attorney's fees and such other and further relief as may be appropriate.

## COUNT TWO
### (Declaratory Relief against Developer and Chicago Title)

21. This is an action against the Developer and Chicago Title for declaratory relief.

22. Plaintiff restates and incorporates herein the allegations of paragraphs 1 through 16.

23. As set forth above, Plaintiff is entitled to a refund of her deposit with interest.

24. On information and belief, the Developer and Chicago Title disagree with the position set forth above. Accordingly, there is an actual controversy between the parties concerning Plaintiff's right to a refund of the Deposit with interest.

WHEREFORE, the Plaintiff requests the entry of Final Judgment declaring that Plaintiff is entitled to receive from the Escrow Agent or the Developer, as the case may be, a refund of the Deposit with interest, and awarding costs, attorney fees and such other and further and further relief, including supplemental relief, as may be appropriate.

**- Plaintiff requests trial by jury -**

Respectfully submitted,

WHALEN & DEEM, LLC

By: /s/ William W. Deem
William W. Deem
Florida Bar No. 0512834
Tonya H. Walker
Florida Bar No. 05588652
3500 Third Street South
Jacksonville Beach, Florida 32250
Telephone: (904) 339-0500
Facsimile:  (904) 339-0501
wdeem@whalendeem.com
twalker@whalendeem.com
*Attorneys and Trial Counsel for the Plaintiff*