UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHARLOTTE COLLIER, individually and as personal representative of the Estate of Richard W. Collier,

    Plaintiff,

v.                                        Case No. 3:07-cv-985-J-33JRK

WCI COMMUNITIES, INC., a Delaware corporation, and CHICAGO TITLE INSURANCE COMPANY, a Missouri corporation,

    Defendants.
_____/

**<u>ORDER</u>**

This cause comes before the Court pursuant to Defendant WCI Communities, Inc.'s Motion to Dismiss Complaint or Motion for a More Definite Statement (Doc. # 5), filed on November 14, 2007. Collier filed a response on December 3, 2007. (Doc. # 10.) For the reasons below, WCI Communities' motion is DENIED.

**I.  Background**

According to the complaint, Collier contracted with WCI Communities to purchase a new condominium unit constructed by WCI Communities. (Doc. # 1, at 2.) Collier deposited $270,000 as required by the contract. (Doc. # 1, at 2.) Included with the contract was a receipt showing that Collier received certain condominium documents by hard copy. (Doc. # 1-3, at 14.) Collier

1

signed this receipt on May 6, 2005, (Doc. # 1-3, at 15) and signed the main contract on the same day (Doc. # 1-2, at 17.)  WCI Communities signed the contract on May 24, 2005.  (Doc. # 1-2, at 17.)  The contract provided that it was voidable by Collier "within fifteen (15) days after the date of receipt from the developer of any amendment which materially alters or modifies the offering in a manner that is adverse to [Collier]."  (Doc. # 1-2, at 17 (capitalization altered).)  In the event Collier terminated the contract under this provision, the contract further provided, Collier's deposit would be returned.  (Doc. # 1-2, at 2.)

On December 8, 2006, Collier received "amended condominium materials" that reduced the size of the condominium unit by over 200 square feet.  (Doc. # 1, at 3.)  Collier responded by sending notice to WCI Communities terminating the contract.  (Doc. # 1, at 3.)  That notwithstanding, Collier's deposit was not returned.  (Doc. # 1, at 3.)  Collier filed this lawsuit, alleging that WCI Communities breached the contract by failing to return the deposit.  Collier also seeks a declaratory judgment that she is entitled to the deposit.

WCI Communities argues that Collier fails to state a claim because she identifies neither the size of the condominium before the "amended condominium materials" shrank it, nor the document or other representation that set forth the original size of the condominium.  (Doc. # 5, at 4 ("[Collier] allege[s] only that the

2

square footage was changed by over 200 feet without identifying what the starting square footage was, what the changed square footage was, and the circumstances of the disclosure.").) Alternatively, WCI Communities requests a more definite statement because WCI Communities is not reasonably able to respond to the complaint without these details.  (Doc. # 5, at 6.)

**II.   Standard of Decision**

On a motion to dismiss, a district court must accept as true all the allegations in the complaint and construe them in the light most favorable to the plaintiff.  Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004).  A court must favor the plaintiff with all reasonable inferences from the allegations in the complaint.  Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

To survive a motion to dismiss, a complaint must contain material addressed to each material element "necessary to sustain a recovery under some viable legal theory."  Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 684 (11th Cir. 2001).  This material can be either direct or inferential, id. at 683, but it must be factual, see Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007); Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004).  Thus, "[c]onclusory allegations,

unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Jackson, 372 F.3d at 1262-63 (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)) (internal quotation marks omitted); accord Twombly, 127 S. Ct. at 1965 ("a formulaic recitation of the elements of a cause of action will not do . . . .").

A complaint need not state detailed factual allegations, but it must contain sufficient factual material to raise a right to relief above the speculative level. Twombly, 127 S. Ct. at 1965. To raise a right to relief beyond the speculative level, a complaint must contain "enough factual matter (taken as true) to suggest" each material element of a claim. See Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting Twombly 127 S. Ct. at 1965) (internal quotation marks omitted). This requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the elements. Id. (quoting Twombly 127 S. Ct. at 1965) (internal quotation marks omitted). This means a complaint must state factual allegations that are not merely consistent with the material elements of a claim, but rather, that plausibly suggest the elements. Twombly, 127 S. Ct. at 1966.

In short, then, the Court must evaluate a complaint on two dimensions to determine whether it states a claim. First, the Court must determine whether the complaint addresses all the

material elements necessary to recovery under some legal theory. Second, the Court must determine whether the complaint addresses these elements with factual material sufficient to raise a right to relief beyond mere speculation; that is, whether the material plausibly suggests the elements. In making these determinations, the Court must accept all allegations as true, view them in the light most favorable to the plaintiff, and draw all reasonable inferences therefrom.

### III. Discussion

By the terms of the contract, Collier is entitled to the deposit if she terminates the contract pursuant to the rescission provision. (Doc. # 1-2, at 2 ("If [Collier] terminates this Contract prior to the expiration of the rescission period described in the first paragraph of Section 41 of this Contract, [WCI Communities] shall direct the Escrow Agent to refund all Deposits to [Collier].").) And that provision allows her to terminate the contract within fifteen days of receiving from WCI Communities "any amendment which materially alters or modifies the offering in a manner that is adverse to [Collier]." (Doc. # 1-2, at 17 (capitalization altered).) Collier's complaint states that she received amended condominium materials on December 8, 2006, that reflected a 200-square-foot decrease in the size of her condominium unit. (Doc. # 1, at 3.) It further states that, on December 12, 2006, she delivered notice to WCI Communities terminating the

contract.  (Doc. # 1, at 3.)  Finally, it claims that the deposit was not returned.  (Doc. # 1, at 3.)

WCI Communities argues that more is necessary to state a claim.  Although WCI Communities' precise argument is unclear, it appears WCI Communities contends that Collier's allegation about the decrease in the size of the unit is insufficient plausibly to suggest that Collier had a right to terminate the contract.

WCI Communities is incorrect.  Collier's allegation that WCI Communities proposed to decrease the size of the condominium unit by over 200 square feet plausibly suggests a material alteration to the original condominium offering, which alteration is adverse to Collier.  This factual allegation must be accepted as true.  Thus, the only question is whether a 200-square-foot decrease in the size of the unit is a material change adverse to Collier.  A change is material if it is "to a significant extent or degree."  In re Suncoast Towers East Assocs., 241 B.R. 476, 480 (Bankr. S.D. Fla. 1999) (quoting BB Landmark, Inc. v. Haber, 619 So. 2d 448, 449 (Fla. 3d DCA 1993)).  A change is adverse if it is "contrary to one's interests or welfare; unfavorable."  Id. (quoting BB Landmark, 619 So. 2d at 449).  Under this definition, it is nearly certain that a 200-square-foot reduction in the size of the condominium is adverse to Collier.  Furthermore, it is eminently plausible that a 200-square-foot reduction in size is a material change.  In short, the allegation of a 200-square-foot reduction in

size plausibly suggests a material adverse change. Collier's complaint is not deficient, and WCI Communities' motion to dismiss must be denied.

WCI Communities' request for a more definite statement must also be denied. WCI Communities contends that it is not reasonably able to respond to the complaint without more specifics. (Doc. # 5, at 6.) This is not the case. Federal Rule of Civil Procedure 12(e) provides for a more definite statement if a complaint "is so vague or ambiguous that the [defendant] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Collier's complaint is neither vague nor ambiguous, and WCI Communities can reasonably respond to the challenged allegation.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant WCI Communities, Inc.'s Motion to Dismiss Complaint or Motion for a More Definite Statement (Doc. # 5) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 16th day of June 2008.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record